IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HOBSON, | ) | Case No. 1:24-cv-342 |
| Petitioner | ) ) | SUSAN PARADISE BAXTER |
| v. | ) ) | United States District Judge |
| SUPERINTENDENT THOMPSON, et al., | ) ) | RICHARD A. LANZILLO Chief United States Magistrate Judge |
| Respondents | ) ) | REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 4) |

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner Daniel Hobson pursuant to 28 U.S.C. § 2254, ECF No. 4, be denied as moot. It is further recommended that no certificate of appealability issue.

II.    REPORT

A.    Procedural History

Petitioner is deemed to have commenced this litigation on November 30, 2024, when he mailed his petition. ECF No. 1 at 15. Petitioner was then serving a sentence of imprisonment imposed on February 26, 1991, by the Court of Common Pleas of Erie County at Docket Number CP-25-MD-0001761-1990.

Petitioner was paroled in 2013 but was recommitted as a convicted parole violator in 2021. The Pennsylvania Parole Board ("the Board") subsequently denied Petitioner parole on multiple occasions, including on September 9, 2024.

1

The pending Petition was docketed on May 19, 2025. ECF No. 4. Therein, Petitioner asserts that the Board's September 9, 2024, decision to deny him parole violated his constitutional rights. Respondents filed an Answer, ECF No. 7, and an Addendum, ECF No. 11.

In the Addendum, Respondents attach, *inter alia*, a September 10, 2025, decision of the Board granting Petitioner parole at the docket number *sub judice*.[1] ECF No. 11-2.

The petition is ripe for review.

B.    Jurisdiction

Under 28 U.S.C. § 2254, a federal court may grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.,* *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

C.    Analysis

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78).

---

[1] Petitioner was released to a state detainer on a new criminal sentence; Respondent also attaches a decision from the Board to grant Petitioner parole at that docket number as well, ECF No. 11-4; however, that matter is not before the Court.

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). Such is the case here, where this petition is moot for two reasons.

First, because the only relief that a court can grant on a challenge such as the one Petitioner raises is a new parole hearing, a subsequent hearing held by the Parole Board renders an inmate's challenge to the prior parole decision moot. *See Weiler v. Overmyer*, Civ. A. No. 21-303, 2024 WL 3327771 (W.D. Pa. 2024) (collecting cases).

Petitioner challenges the Board's September 9, 2024, decision. The only relief this Court could have awarded to Petitioner based on the claims in his petition would have been to order a new parole hearing. However, he received an additional parole hearing in 2025 after the filing of this habeas petition. Therefore, his challenge to the Board's prior denial of parole is moot.

Secondly, following that 2025 hearing, the Board granted Petitioner parole. For this additional reason, this Court cannot provide Petitioner with any habeas relief.

Accordingly, the petition should be denied as moot.

D.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable that his claims should be dismissed as moot. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

III.   Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated:  April 27, 2026

4